### Cornelia O. Tobin et. al. v. F. F. French.

1. PLEADING—*Of the Failure of the Defendant to Observe Some Particular Duty.*—When the plaintiff's right consists in an obligation on the defendant to observe some particular duty, the declaration must state the nature of such duty, which may be founded either upon a contract between the parties or on the obligation of law arising out of the defendant's particular character or situation.

2. WITNESSES — *Wife's Competency for the Husband — Harmless Error.*—When a wife is called as a witness in behalf of her husband, but testifies to nothing that could by any means have affected the result of the suit, the error is harmless and not sufficient to reverse the judgment.

3. DAMAGES— *Where $250 is Not Excessive—Trespass to Real Estate.*—The court states the case and holds that a verdict for $250 in trespass for disturbing the plaintiff's peaceable enjoyment of certain demised premises is not excessive.

4. TRESPASS—*Possession of a Tenant, Pending an Appeal in Forcible*

*Detainer, Sufficient.*—The possession of a tenant pending an appeal from a judgment against him in an action of forcible detainer is lawful, and sufficient to enable him to maintain an action of trespass for disturbing him in the peaceable enjoyment of the demised premises.

Trespass, for disturbing the plaintiff in the peaceable enjoyment of the demised premises. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Mr. Justice HORTON dissenting. Opinion filed January 15, 1901.

HOYNE, O'CONNOR & HOYNE, attorneys for appellants.

WILLIAM E. FREER, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

We dismiss consideration of the objections made by the appellants to the declaration with the remark that though exceedingly prolix and confused, it states an action *in tort*, in substance and in form.

"When the plaintiff's right consists in an obligation on the defendant to observe some particular duty, the declaration must state the nature of such duty, which we have seen may be founded either on a contract between the parties, or on the obligation of law arising out of the defendant's particular character or situation." 1 Chitty on Pleading, 387 (16th Am. Ed.).

The suit was for trespass in disturbing plaintiff (appellee) in the peaceable enjoyment of certain premises demised to him by the defendants, described as "that certain suite of rooms numbered 6, on the sixth floor of the apartment building known as 'The Rainier,'" for occupation by him as a private dwelling.

It is alleged that the lease to plaintiff was from May 1, 1892, for one year, with the privilege to the plaintiff at the expiration of the term to renew the lease for another like term. The premises demised were in the upper story of the building, and it is alleged that, in November, 1892, the defendants began alterations in the building for the purpose of adding two additional stories thereon, and that as a result of such building operations great quantities of dirt,

dust and lime were poured into plaintiff's rooms; that the stairways and halls were blocked up, and that he was greatly annoyed by noise and disturbance, and that by means thereof his carpets and furniture were greatly damaged and rendered unfit for use; that his wife's health was impaired, and himself disturbed in the peaceable enjoyment of the premises, and that he was compelled to quit the premises and remove therefrom, and was put to great expense in procuring another place of residence and in removing thereto.

At the trial plaintiff testified in his own behalf that he moved into the demised premises about April 18, 1892, and remained there until July 1, 1893; that December 1, 1892, building operations commenced and staging was built over one of his windows which darkened his rooms; that staging was built in the hall and there was a great deal of dust and noise; that upon one occasion a hole about two square feet was knocked in the ceiling; that at night water sometimes came down on the bed; that the stairways were broken. The witness testified that he had furniture worth $2,500 in his flat, and that his carpets, which cost $105, were full of grit and could not be used again for the same purpose because they did not look right, but they could be used in other places; that the skylight of room over the elevator was raised about two feet and remained open all winter, causing a constant draft; that the elevator was situated just outside of the entrance to his apartments; that there was a noise overhead for about three months in handling building materials, steam-pipes, radiators, etc.; that boards were on the steps much of the time and that one or two of the steps became broken.

Another witness for plaintiff testified that the elevator ceased to run for a period of two weeks in consequence of the building. Two witnesses for the defense, however, testified that the elevator was stopped for only a day and a night. In other respects the testimony of plaintiff was not materially contradicted as to the physical condition of the building, dust, noises, etc., occasioned by the operations.

Tobin v. French.

The building conditions lasted during all the winter and into the spring.  It was shown that the cost to plaintiff of moving was $33.

At the trial, the wife of plaintiff was called as a witness in his behalf and testified in behalf of her husband, over the objection of the defendant that she was an incompetent witness.

The main errors assigned and argued are, aside from the declaration already noticed, that the wife was an incompetent witness; that the cost of moving plaintiff's goods to another apartment was an improper element to be submitted to the jury, and that the verdict was excessive.  The wife testified to nothing that could by any means have affected the result of the suit, unless it may have been in the respects set out in the abstract as follows:

" In the ordinary housekeeping of the flat prior to November I worked myself; occasionally had help.

After November had a great deal of extra work myself; employed no outside help.

There was an increase in the labor of taking care of the flat after November; lime was constantly sifted over the carpets, furniture and everything in the apartments; had to be constantly cleaning; would no sooner clean up in the morning than in an hour or half an hour afterwards would be obliged to go through it again.  They broke through the ceiling; there was constant noise."

The testimony so quoted was but cumulative to that of three other witnesses for the plaintiff, and to that of some of the defendants' witnesses who testified as to the presence of lime, dust, noise, and the broken ceiling.  It can not be fairly said that there was any dispute as to the existence of those facts.  If there was error in allowing her testimony it could hardly have been injurious to the defendants.

As to the excessiveness of the verdict, not much need be said.  The verdict was for $250.  The cost of the furniture and carpets was shown and it was testified that the carpets did not look right and could not be used again for the same purpose, though they could be used again in other places.  But there was no evidence given of the extent of

injury sustained to them.   As to the damage to them
there was not before the jury any evidence upon which
they could properly allow anything.   But the jury was
competent to consider the damages arising from cold, dis-
comfort, noise, interference with ingress and egress, and
such other inconveniences as were shown, and to make an
award therefor.   The verdict of $250, was manifestly not
an excessive amount, with such elements shown by the evi-
dence.

Although we regard the cost of moving as an improper
element of damage in such a case, we don't think the admis-
sion of it in evidence constitutes a sufficient ground for
reversing the judgment.   The amount of the verdict is
such as to be entirely consistent with the exclusion of that
element from the deliberations of the jury.   Allowing any
damages to the plaintiff, the amount that was given is fully
supported by evidence that was entirely competent and
ample.   But it is urged that because plaintiff was seeking
redress for an injury to an interest in real estate, and not
for an injury to personalty, he must show that he was in
lawful possession of the premises at the time the damage
occurred.

It is claimed that such lawfulness of possession was not
shown to exist, because of the fact shown by a forcible
detainer judgment rendered against appellee for the same
premises on May 26, 1893.   The same transcript that showed
such judgment showed, also, that appellee perfected an
appeal therefrom in accordance with the statute.   Such
appeal permitted appellee, under the statute, to remain in
possession of the premises, and he did so five or six days,
and until July 1, 1893.   His possession was therefore law-
ful.   All damage claimed by him was done before that
date.   And we are unable to understand why it was not
proper for the Superior Court to exclude, for immateriality,
appellant's offer to show by the record what was done in
that appeal suit at the time it was decided, nearly three
years afterward.

We might add that the record of the judgment rendered
in the appeal suit, as offered in evidence but excluded,

shows an order of restitution of different premises from those mentioned in the declaration in this suit.

We observe no error of law in the record, and we think the judgment was right on the merits. It will therefore be affirmed.

Mr. Justice HORTON dissents.